Brooklyn, which could not be limited in the absence of clear statutory authority. Steinson v. Board of Education, 49 App. Div. 150, 63 N. Y. Supp. 128. And he was not subject to further examination while his certificate was in full force and unrevoked. Laws 1894, p. 931, c. 451, § 13.

The learned trial justice adopted the proper measure of damages. The appellant and its officers, through an erroneous construction of the statute, assumed to exercise a power which they did not possess, and the disposition of the case by the trial court was correct.

The judgment and order appealed from should therefore be affirmed, with costs. All concur.

---

(105 App. Div. 358.)

### POWERS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. June 9, 1905.)

1. WITNESSES—WAIVER OF PRIVILEGE.

Plaintiff, by having the physician who attended him testify to the examination made immediately after the accident, and his then condition, waives his privilege, so that defendant may have the physician testify as to plaintiff's subsequent condition resulting from the accident.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 782.]

2. HARMLESS ERROR.

The court not having receded from its erroneous position that defendant had no right to examine plaintiff's physician, who had testified as to plaintiff's condition immediately after the accident, as to his subsequent condition resulting from the accident, the error in excluding the testimony cannot be held harmless because other evidence of such condition was admitted.

Appeal from Trial Term, New York County.

Action by Geoffrey Powers against the Metropolitan Street Railway Company. From a judgment on a verdict for plaintiff for $5,000, and from an order denying a motion for new trial, defendant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Joseph P. Cotton, Jr., for appellant.

Franklin Pierce, for respondent.

O'BRIEN, J. We are of the opinion that this judgment must be reversed for an error of the trial court in excluding certain testimony offered by the defendant. The action is to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant. On February 11, 1898, one of its cars collided with a carriage driven by the plaintiff, he was thrown to the ground and injured, and immediately after the accident was taken to the Presbyterian Hospital. For the purpose of proving the extent and nature of his injuries he called as a witness Dr. Cook, the surgeon at the hospital, who examined and treated him at that time. After the doctor had been sworn, and before his direct examination was begun, plaintiff's counsel stated that he called the wit-

ness for a special purpose, and asked that the cross-examination be limited to that purpose; but he did not state what the purpose was. The witness, in response to questions put to him by plaintiff's counsel, then testified that he had charge of the plaintiff while in the hospital, and upon being handed a card he stated that the memorandum upon it was in his handwriting, was made at the time the plaintiff was in the hospital, and that it expressed his opinion at that time of the plaintiff's condition; that it was a diagnosis of the case; and that without reference to it he could not, from memory, state plaintiff's condition at that time. After examining the card, however, the doctor testified as follows:

"I will state that he had phlebitis, contusion and thrombosis of the saphenous veins. Phlebitis means an inflammation of the veins; contusions, means bruises; thrombosis of the saphenous veins, that there are clots in the saphenous veins. The saphenous veins are the large veins which drain the vein system of the legs and thighs."

So far as appears, the card itself was neither offered nor received in evidence, and its only purpose was to refresh the witness' memory, so that he might be able to testify as to the nature and extent of the plaintiff's injuries shortly after the accident, information as to which he had ascertained while examining and treating him professionally. Upon cross-examination the doctor testified that he was, at the time of the trial, February, 1904, connected with the Vanderbilt Clinic, and that he had seen the plaintiff there, and had examined and treated him there professionally off and on for the past few years. An attempt to elicit information from him as to plaintiff's condition while attending the Vanderbilt Clinic was unsuccessful, owing to the objections of plaintiff's counsel, the testimony being excluded as not proper on cross-examination. After plaintiff had rested, the doctor was again called, this time as a witness for the defendant, and, having repeated that he had seen the plaintiff at the Vanderbilt Clinic during and subsequent to 1900, he was asked to state what he had observed as to his condition during that period. This was objected to by the plaintiff as incompetent under section 834 of the Code of Civil Procedure, and after the doctor had stated to the court that the information which he had been asked to give was information acquired during his professional attendance upon the plaintiff, and was necessary to enable him to professionally treat and prescribe for the plaintiff, the court sustained the objection; saying: "I shall exclude any testimony of the plaintiff's condition by the doctor where the information was received by the doctor while in professional attendance, and where such information was necessary to the professional treatment of the plaintiff by the doctor." To this ruling the defendant excepted, and we are of the opinion that the exception was well taken. The plaintiff had called Dr. Cook as his own witness, and had examined him as to his condition immediately after the accident for the purpose of showing the nature and extent of his injuries. By calling out this testimony the plaintiff waived the privilege granted him under section 834 of the Code of Civil Procedure, and authorized the physician to disclose all the information acquired while in at-

tendance upon him professionally. Having once waived his privilege, and introduced the physician's testimony as to his injuries, the plaintiff could not again claim the benefit of the privilege for the purpose of excluding other testimony by the same physician as to the development and progress of the same injuries at a subsequent date. The plaintiff himself testified that his attendance at the Vanderbilt Clinic and the medical treatment there received was made necessary by the injuries caused by the accident, and he asked for a verdict, the amount of which he sought to base upon the allegation that he had not recovered from the injuries at the time he was at the clinic. Having opened the door to let in the testimony of his physican as to the injuries at one time, he could not again close it so as to exclude the testimony of the same physician which related to the progress and development of those injuries. It appears that Dr. Cook at the time of the trial was in attendance as an expert for the defendant, and the plaintiff doubtless feared that his opinion might be biased by that fact, and his testimony might, therefore, be prejudicial to plaintiff's cause of action; but, while that fact might have a bearing upon the weight to be given to the testimony, it was not a ground for excluding it. Plaintiff saw fit to rely upon the doctor to testify as to the examination made immediately after the accident, and the condition then existing. Having done this, he could not close the doctor's lips as to a condition existing subsequent thereto, when that condition, according to his own claim, resulted from those injuries. The plaintiff could not sever his privilege so as to waive it in part and retain it in part. Having once waived it upon the trial, it then ceased to exist, either partially or entirely, at least so far as that trial was concerned. Rauh v. Deutscher Verein, 29 App. Div. 483, 51 N. Y. Supp. 985; Morris v. N. Y. R. R. Co., 148 N. Y. 88, 42 N. E. 410, 51 Am. St. Rep. 675.

We have not overlooked the suggestion of the respondent that, even though the objections were improperly sustained, still no harm resulted to the defendant, because the evidence offered was subsequently allowed to come before the jury. Even if that were true, yet the fact remains that the court nowhere receded from the ruling which it made that the defendant had no right to examine Dr. Cook as to plaintiff's condition while he was at the Vanderbilt Clinic, and we cannot determine the extent of the prejudice which resulted to the defendant by improperly sustaining objections to these questions, which in a direct and specific manner would have enabled the defendant to place before the jury, as we think it had a right to do, the condition of the plaintiff discovered by the doctor at the time referred to. We cannot say that the error in excluding the testimony was not prejudicial to the defendant.

For this erroneous ruling, therefore, the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.