voluntary expression of the wishes of the deceased, and that there was no improper influence or deceit practiced in procuring the will to be made.

The relation of the parties and the circumstances here create a suspicion of wrong on the part of Cristman, which he is under legal obligation to overcome and to show good faith and honest dealing. The surrogate and this court must be satisfied that the will was the voluntary act of the deceased, uninfluenced and without deceit. How can it be said, in view of all the evidence of the statements of the deceased, and all the circumstances surrounding the case, and the wobbling, uncertain evidence of Mrs. Shoemaker, her relations to Cristman growing out of the $600 note transaction, and the interest Cristman had to procure a will in his own favor, that the suspicion, the presumption of wrong and deceit, has been overcome? How can it be said any jury would come to a different conclusion than that arrived at by the surrogate? It seems to me, under all the circumstances, that the decree should be affirmed, the litigation stopped, and what property there is left be distributed in accordance with the statute to the heirs and next of kin. We ought not, on the appeal merely of the person named as executor in the will, when the two sisters are dead and Cristman has acquiesced in the decree by failing himself to appeal therefrom, to order a retrial of the case before a jury.

I suggest that the decree be affirmed, with costs to all parties payable from the estate. The executor will then get his fees as administrator, etc., and will not suffer pecuniarily, and he is the only person having any legal interest in reversing the decree, because he alone appeals.

McLENNAN, P. J., concurs.

---

## MARQUARDT v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

1. WITNESSES—PRIVILEGED COMMUNICATIONS—WAIVER.

Plaintiff in a personal injury action, who called as a witness the physician who treated him after the accident, waived his privilege; and a waiver, once made, cannot be recalled.

2. SAME.

Plaintiff in a personal injury action, who calls as a witness the physician who attended him after the accident, and who examined him with reference to his condition after the accident, waives his privilege; and defendant may show by cross-examination that the condition testified to by the physician existed prior to the accident.

Appeal from Trial Term, Kings County.

Action by Margaret Marquardt against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

D. A. Marsh, for appellant.
Robert Stewart, for respondent.

MILLER, J. This is an action for personal injuries, caused by a collision between two cars on one of which the plaintiff was a passenger. The serious question in the case was the extent of the plaintiff's injuries. She called as a witness a physician, who attended her after the accident and who testified that he treated her for a nervous condition. The defendant's counsel elicited from the witness on cross-examination the fact that he had treated the plaintiff for nervousness before the accident. The evidence was at first objected to as incompetent and inadmissible, and the court was about to sustain it on the ground that it was privileged, when the plaintiff's counsel stated that he was not claiming privilege, whereupon the defendant's counsel was allowed to proceed with the cross-examination until finally, after some dialogue between the court and counsel, the court stopped the cross-examination in reference to the plaintiff's condition prior to the accident, and struck out all of the testimony of the witness on that subject, on the ground that the witness was precluded from testifying by section 834 of the Code of Civil Procedure.

By calling the physician as a witness the plaintiff waived her privilege. Alberti v. N. Y., L. E. & W. R. R. Co., 118 N. Y. 77, 23 N. E. 35, 6 L. R. A. 765; Morris v. Railway Co., 148 N. Y. 88, 42 N. E. 410, 51 Am. St. Rep. 675; Holcomb v. Harris, 166 N. Y. 257, 59 N. E. 820. Permitting the witness to be sworn and examined without objection is an express waiver (Schlotterer v. Brooklyn & N. Y. Ferry Co., 89 App. Div. 508, 85 N. Y. Supp. 847); and a waiver, once made, cannot be recalled (McKinney v. Grand Street, etc., R. R. Co., 104 N. Y. 352, 10 N. E. 544; Schlotterer v. Brooklyn & N. Y. Ferry Co., supra). In this case plaintiff had not only called the witness and examined him in reference to her condition after the accident, but counsel during the cross-examination had expressly stated that he did not claim the privilege as to examinations made by the witness prior to the accident. We think that, by calling the physician and examining him in reference to her condition after the accident, the plaintiff waived her privilege as to prior examinations, and it was permissible for the defendant to show by cross-examination that the condition testified to by the witness existed prior to the accident. If the plaintiff desired the shield of the statute, she should not have called the physician as a witness. When she did so, she opened the door to any inquiry relevant to the fact in issue concerning which the witness had testified. Powers v. Metropolitan Street R. Co., 105 App. Div. 358, 94 N. Y. Supp. 184.

The judgment and order should be reversed, and new trial granted; costs to abide the event. All concur.