ELIZABETH B. ALBERS, Respondent, *v.* CHARLES S. WILSON, Appellant.

Third Department, July 6, 1922.

Physicians and surgeons — evidence — action by patient against physician for injuries from alleged unskillfulness and negligence in applying X-ray — waiver by plaintiff of privilege by calling physician as witness — reversible error to refuse to permit defendant to cross-examine said physician and also to permit plaintiff to testify as to what another physician told her was purpose of his treatment.

In an action by a patient against her physician to recover for injuries alleged to have resulted from the unskillfulness and negligence of the physician in applying the X-ray, the plaintiff by calling and examining another physician as a witness waived the privilege as to communications between him and her, and, therefore, it was reversible error after said physician on direct examination had described plaintiff's condition as observed by him, to refuse to permit the defendant on cross-examination to examine said physician as to the history of the plaintiff's case and as to whether or not she had suffered from St. Vitus dance.

It was also reversible error to permit the plaintiff to testify as to what another physician who had treated her with a so-called "Alpine Lamp" told her was the purpose of that treatment.

APPEAL by the defendant, Charles S. Wilson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 16th day of September, 1921, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 3d day of October, 1921, denying defendant's motion for a new trial made upon the minutes.

*Harry A. Yetter*, for the appellant.

*Arthur J. Ruland*, for the respondent.

H. T. KELLOGG, J.:

The plaintiff was a sufferer from a chronic affection of the skin. The defendant, who was her physician, on several occasions applied

the X-ray to her elbows, wrists and back. The plaintiff thereafter brought this action to recover for injuries alleged to have resulted from the unskillfulness and negligence of the defendant in making such applications. The action was tried before a jury with the result that the plaintiff secured a verdict for a substantial amount. The defendant has appealed, and now urges that certain errors of law were committed at the trial which necessitate a reversal of the judgment entered upon the verdict.

The plaintiff called Dr. James E. Walker as a witness. This physician had treated the plaintiff for various skin lesions, which the plaintiff claimed had been caused by the X-ray treatments. At the instance of the plaintiff, Dr. Walker described the condition of the plaintiff's skin as observed by him. On cross-examination he was asked: " Did you take a history of her case when she came there? " to which he replied: " Yes, sir." He was then asked: " Will you tell me what it was? " To this question the following objection was made: " Objected to, confidential communication between doctor and patient, no part of the direct examination." The court then said: " No. I think you will have to make the witness your own." Thereafter the following question was propounded to Dr. Walker: " Did she tell you that she had suffered from St. Vitus dance? " An objection was made, which was sustained. The court then said: " That is ruled out, on the theory that any communication between this doctor and the plaintiff is absolutely and unqualifiedly improper and objectionable." Thus the court, which had originally taken the position that the questions asked did not constitute proper cross-examination, finally pronounced the law of the case to be that all evidence relating to communications between the witness and the plaintiff was inadmissible on the ground of privilege. (See Code Civ. Proc. §§ 834, 836, now Civ. Prac. Act, §§ 352, 354.) The court had previously said in reference to other questions relating to such communications: " I will not allow repetitions of these questions." It was certainly not thereafter the duty of counsel to recall the witness upon the defendant's case and propound the identical questions which had been ruled out. That course would have involved the risk of placing counsel in the attitude of open antagonism to the court and might seriously have prejudiced his case with the jury. That the plaintiff by calling and examining Dr. Walker lifted the bar of privilege from all communications between him and her cannot be doubted. (*Marquardt* v. *Brooklyn Heights R. R. Co.*, 126 App. Div. 272; *Alberti* v. *N. Y., L. E. & W. R. R. Co.*, 118 N. Y. 77; *Morris* v. *Railway Co.*, 148 id. 88; *Holcomb* v. *Harris*, 166 id. 257; *Hethier* v. *Johns*, 233 id. 370; *Powers* v. *Metropolitan Street R.*

*Co.*, 105 App. Div. 358.)    We think that the questions called for proof which was material to the issue, and that the error of the court in sustaining objections thereto cannot be overlooked.

After receiving treatment from Dr. Walker the plaintiff was treated by a certain Dr. Fox who made use of the so-called "Alpine Lamp" for the X-ray burns which the plaintiff claimed she had received.    The plaintiff upon the trial was permitted to give the following testimony as to the nature of this treatment: "The Alpine Lamp is the only known help for an X-ray burn, and it was to peel off the outer layer, uterus of skin, and peel them off until I had a more improved area on this disfigured place."    The defendant objected and moved to strike out the testimony on the ground that the witness was not qualified to give it.    The court said: "She may state if that is what Dr. Fox told her.    I will not allow her to testify to her own knowledge."    The defendant took an exception and the court said: "As to what Dr. Fox told her was the purpose of the treatment may stand; the other may go out."    The error was, of course, palpable.    It was material as well, for the defendant was entitled to urge that the plaintiff's condition was due to the Alpine Lamp rather than to the X-ray.    The objectionable testimony of the plaintiff was directed to the point that the Alpine Lamp treatment was beneficial rather than harmful.    We think the errors which we have noted call for a reversal.

The judgment should be reversed and a new trial granted.

All concur.

Judgment and order reversed and new trial granted, with costs to the appellant to abide the event.