Ross, J.
This is an action for negligence, based upon the claim that the defendant, the owner of an automobile, and who, at the time of the accident, was operating the same, was negligent in such operation, which negligence caused injuries to the plaintiff. The plaintiff is the priest of St. Louis Church in Oswego. The *10 defendant and the other two men, Mr. DeChambau and Mr. Gallagher, who were in the car at the time of the accident, are members of his church and congregation.
Some weeks before the accident, Mr. DeChambau and the plaintiff had talks with reference to going deer-hunting. The former informed the plaintiff that his brother, who lived at Forrestport, would be very helpful if they went up to his place, so they agreed to go there. Mr. Gallagher’s name was suggested, and a short time before the accident the plaintiff suggested the name of Mr. Fournier, the defendant, and the plaintiff asked him if he would like to go along with the party, and he stated in substance that he would. On the day of the accident, the defendant said: “ My car is ready now and come with me in my car. I will take you all in my car.” The defendant was driving and Mr. DeChambau was in the front seat with him. In the rear seat were the plaintiff and Mr. Gallagher. The former was seated directly behind the defendant. After proceeding some few miles on their trip, the accident happened. The questions of the negligence of the defendant and the contributory negligence of the plaintiff, and whether the parties were engaged in a joint enterprise or not, were left to the jury under instructions relative to these different questions, and the verdict of the jury necessarily assumes that all these questions were found in favor of the plaintiff.
The evidence as to the happening of the accident is sufficient to sustain the verdict of the jury in so far as it determines that the defendant was negligent, and that the plaintiff was free from contributory negligence. If one who is riding in an automobile as a guest is injured through the negligence of the driver in operating the machine, and the occupant is not guilty of contributory negligence, a recovery can be had. Huddy Automobiles (5th ed.), § 678, and cases; Patnode v. Foote, 153 App. Div. 494.
*11 The contention of the defendant is that the evidence shows that these men were engaged in a joint enterprise and, if so, that the negligence of the defendant is imputable to the plaintiff. In every case cited by counsel upon the question of whether there existed in the instant case a joint adventure or enterprise, the action was an action against a third party, and the question of whether the plaintiff was, at the time of the accident complained of, engaged in a joint enterprise was important only as it affected the liability of the plaintiff for the negligence of his companion or companions. That is, the case turned upon the question of imputed contributory negligence.
The three following cases are typical. The case of Washington & O. D. R. Co. v. Zell’s Admx., 88 S. E. Repr. (Va.) 309, in which the contributory negligence of the companion of plaintiff’s intestate defeated a recovery. The case of Kinnie v. Town of Morristown, 184 App. Div. 408, is a case of an action against a third party, and the court held that no negligence on the part of the defendant had been shown. In the case of Koplitz v. City of St. Paul, 86 Minn. 373, the plaintiff, a woman, recovered a verdict, and the jury also made a special finding that the driver of the bus (one of the party) was guilty of negligence. It was held that the negligence of the driver could not be imputed to the plaintiff.
No case has been cited by counsel in which one person, concededly engaged in a common enterprise, has sought to maintain an action against one of his associates. The fact whether there is a joint enterprise is one of importance in the class of cases cited, when the action is against a third person; but as between themselves, I know of no rule of law that throws a mantle of protection over the tortuous acts of an associate in a joint enterprise or in a partnership. Suppose one person assaults his copartner — is the wrongdoer *12 immune from liability because they were engaged at the time of the assault in the partnership business ?
Suppose that, while engaged in the partnership business, one partner conducts himself so carelessly as, except for such partnership relations, would give a right of action, is the wrongdoer not liable to the injured partner? True, they are in a sense each acting as agent for the other, but does not an agent owe the duty of care toward his principal, and a principal toward his agent? Haller v. Willamowicz, 23 Ark. 560; Newby v. Harrell, 99 N. C. 149; 30 R. C. L. 931, §§ 148, 149.
A joint enterprise or partnership is not for the purpose of permitting one of the parties thereto to commit a tort upon his associates. Suppose that this hunting party had reached its destination and a member of the party had carelessly shot one of his associates. Would the fact that they, to some extent, were engaged in a common enterprise, render the defendant sued for the shooting immune? I think not. This is an actual case, tried in 1919 in Onondaga county. Upon the first trial, the jury disagreed. Upon the second trial, this claim was made by the defendant, and the plaintiff had a verdict.
I think the evidence fails to show a joint enterprise within the principles relating thereto, but the view I have taken renders a discussion of this unnecessary.
Motion for nonsuit and for a new trial denied, with ten dollars costs.
Motion denied, with ten dollars costs.