GREENFIELD, Appellant, vs. MILLER, Respondent.

*December 14, 1920—January 11, 1921.*

*Negligence: Invitor and invitee: Licensor and licensee: Host and guest: Injury to guest by slipping on rug.*

1. In cases of invitor and invitee, where the invitor is sought to be made liable for failure to exercise ordinary care to keep and maintain his premises in a safe condition, there must be some mutuality of interest or benefit in order to render the invitor liable.
2. Ordinarily there is no liability on the part of a licensor for injuries sustained by those coming on his premises as mere licensees, unless there is something on the premises in the nature of a trap or the licensor is guilty of active negligence.
3. The relation of licensor and licensee existed where the owner of a new house invited the plaintiff and her husband to spend a holiday as his guests; and there is no liability on the part of the host by reason of the fact that the plaintiff, while walking through the house, slipped on a small rug covering a highly polished floor.

APPEAL from a judgment of the circuit court for Milwaukee county: G. N. RISJORD, Judge. *Affirmed.*

This action was brought to recover damages which plaintiff sustained by falling on the floor in the residence of defendant in the city of Racine. Some time prior to December 31, 1916, the defendant invited the plaintiff and her husband to spend New Year's eve and New Year's day at the home of defendant, which had been recently finished, the floors highly polished and oriental rugs thereon. While walking through the house the plaintiff slipped on a small oriental rug about three and one-half or four feet square and injured her leg.

The plaintiff alleges substantially that on December 31, 1916, she was the guest of the defendant and his wife at their home in Racine; that defendant's residence had been completed a short time prior and the floors were of hardwood, highly polished and slippery; that there was a corridor leading from the living-room to a sun-parlor with hardwood

floor highly polished and very slippery; that the corridor was fifteen feet in length and between three and one-half and four feet wide from wall to wall; and that about three and one-half to four feet from the entrance to said sun-parlor from the corridor are posts or pillars extending out from the walls and reaching from the floor to the ceiling; that those two posts are directly opposite each other and in such a position that they might be used for hanging a door, thus giving the space between the pillars and the sun-parlor a vestibule effect.

That upon the floor of said corridor, between the entrance to the sun-parlor and the two pillars, the defendant had placed an oriental rug four feet square which almost covered the floor, which floor was highly polished and very slippery, and which condition of the floor is not capable of being discovered in the exercise of ordinary care.

That plaintiff in going through the corridor stepped upon the little rug, which gave way under her, causing her to fall, striking her leg upon one of the pillars and causing severe injury.

That it was the duty of the defendant to have warned the plaintiff of the slippery condition of the floor; that it was the duty of the defendant to have secured or fastened the rugs so they would not slip; that the defendant breached and violated this duty to the plaintiff by failing to warn and by failure to securely fasten the rug, and as the proximate result thereof the plaintiff sustained the damages.

Issue was taken on the complaint and a trial had before the court and a jury. At the close of the evidence both parties moved for a directed verdict, the defendant reserving the question of damages for the consideration of the jury in the event that the court should decide in favor of plaintiff.

After arguments of counsel the court below said:

"I cannot see that there is any question for the jury in this case; that there is any proof of negligence on the part

of the defendant. No duty was owing by him, under the circumstances, to warn the plaintiff of the condition of the floor, and that the condition was nearly, if not quite, as well known to the plaintiff as to the defendant, anyway, and that the jury will be, in the morning, at the opening of the session, directed to return a verdict against the plaintiff and for the defendant, because no cause of action."

The court below directed verdict in favor of the defendant and denied appellant's motion for a new trial. In directing verdict the court said:

"Gentlemen of the jury, in this case the opinion of the court is that there is no evidence to go to you on the issues involved here. Without considering the question of whether or not an action of this kind lies between these parties, it does not seem to me that there is any breach of any duty owing from the defendant to the plaintiff in this case.

"I can see that if it appeared from the evidence that it was usual and customary in the vicinity of the home of the defendant to have rugs of that kind fastened to the floor, and that the defendant had knowledge of that custom or usage, or ought to have knowledge of it, and the plaintiff either did not know anything about the conditions there at the time or assumed that this rug was fastened so as to be reasonably safe, the situation might be entirely different; but that is not this case."

Judgment was entered in favor of the defendant on the directed verdict and against the plaintiff for the costs and disbursements of the action, from which judgment this appeal was taken.

For the appellant there was a brief by *Kaumheimer & Kenney* of Milwaukee, and oral argument by *R. I. Kenney.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe,* of counsel, all of Milwaukee; and the cause was argued orally by *Mr. Doe.*

KERWIN, J. The issues involved upon this appeal are (1) whether the court below erred in directing a verdict for the defendant, and (2) whether error was committed in denying appellant's motion for a new trial.

The theory of counsel for appellant is that the duty owing by the defendant to the plaintiff upon the facts in this case is that of ordinary care, and that under this rule it was the duty of the defendant to render the premises reasonably safe for the visit of his guests.

The material allegations in the complaint which are the basis of plaintiff's cause of action are set out in the statement of facts heretofore set forth and need not be repeated. Obviously the court below had in mind the rule of law that under the facts in the case the relation existing between the plaintiff and defendant was that of licensor and licensee, and hence the plaintiff took the premises in the condition in which she found them.

It is quite obvious from the argument of counsel for appellant in their brief as well as from some of the cases cited that they seek to bring the instant case within the legal definition of invitor and invitee, or cases of licensor and licensee, where a liability existed because of a trap left on the premises by the licensor or active negligence on his part.

*Gorr v. Mittlestaedt*, 96 Wis. 296, 71 N. W. 656, is a case holding that where a private driveway, twelve feet wide, with well defined boundaries, is situated over twenty feet from a cellar, the intervening space being occupied by a grass plot and piles of stone extending from the ends of the cellar nearly to the driveway, the owner of the premises is not liable for injuries received by a person traveling on the driveway by invitation, whose horse became unmanageable and caused the carriage to wholly leave the driveway and pass over the grass plot to the cellar.

*Lehman v. Amsterdam C. Co.* 146 Wis. 213, 131 N. W. 362, is a case where plaintiff was injured by falling into an open stairway in defendant's store. The court held that where the customer was invited to the very verge of the opening for the purpose of examining goods on the shelves and was left there without warning while her mind was occupied with this purpose, it could not say as a matter of

law that she was guilty of contributory negligence in failing to see it, and that it was a question for the jury.

In *Shaw v. Ogden,* 214 Mass. 475, 102 N. E. 61, the driver of a delivery wagon, passing by implied invitation through a private driveway, struck the limb of a tree with the top of the wagon. The owner of the driveway was held not liable.

In *Marston v. Reynolds,* 211 Mass. 590, 98 N. E. 601, where a person inspecting a house to rent fell eighteen feet off a dark platform into a basement, the owner was held liable.

In *Hamilton v. Taylor,* 195 Mass. 68, 80 N. E. 592, an iceman carrying ice across a passageway fell into an elevator well, there being no warning that the well was open. It was held that there was an implied invitation to enter with the ice, and the owner was held liable.

*Flood v. Pabst B. Co.* 158 Wis. 626, 149 N. W. 489, is clearly distinguishable, as will readily be seen by an examination of the case.

It will be seen that in the cases of invitor and invitee there must be some benefit to the invitor in order to render him liable for failure to exercise ordinary care; there must be some mutuality of interest; and if the interest be only such as concerns the person entering, then he is but a mere licensee and there is no implied invitation. But the legal distinction between implied invitor and invitee and a mere licensor and licensee is quite well marked in the decisions, the general rule being that there is no liability on the part of the licensor for injury sustained by those coming on his premises as mere licensees, unless there is something on the premises in the nature of a trap which fact proximately caused the injury, or the licensor was guilty of active negligence.

In Bigelow, Torts (8th ed.) 160, 161, it is said:

"If the licensee is invited only as a guest or friendly visitor or for benevolence, he enters on no better footing,

as far as the present question is concerned, than if he were a bare licensee; he cannot hold the owner or occupant to any duty of care or diligence beyond giving notice of any danger of which he is aware."

There seems to be a great dearth of authority on the subject of the doctrine of licensor and licensee as applied between host and guest. The case of *Southcote v. Stanley*, 1 H. & N. 247, appears to be the leading case upon the subject and has been quoted with approval in other cases.

It is true there are some cases holding that if the invitation to enter premises be actual it creates of itself a duty to have the premises in fit condition for the purpose so far as might be by due care or diligence, and such cases are sometimes regarded as limitations or exceptions to the general rule, as in the English case above cited, where the licensee is invited only as a guest or friendly visitor or for benevolence. He stands on no better footing than the bare licensee and must take the premises as he finds them, subject, however, to the limitation that the licensor must not set a trap or be guilty of active negligence which contributed to the injury.

It is difficult to lay down any general rule on the subject as applicable to all cases. The facts in each case, including the nature of the invitation, must be considered. Bigelow, Torts (8th ed.) 161, 162; *Hupfer v. Nat. D. Co.* 114 Wis. 279, 90 N. W. 191.

The doctrine is well stated in *Plummer v. Dill*, 156 Mass. 426, 31 N. E. 128, as follows:

"It is held in England that one who comes on an express invitation to enjoy hospitality as a guest must take the house as he finds it; and that his right to recover for an injury growing out of dangers on the premises is no greater than that of a mere licensee. *Southcote v. Stanley*, 1 H. & N. 247. The principle of the decision seems to be that a guest, who is receiving the gratuitous favors of another, has no such relation to him as to create a duty to make the place where hospitality is tendered safer or better than it is. It is well settled there that to come under an implied invita-

tion, as distinguished from a mere license, the visitor must come for a purpose connected with the business in which the occupant is engaged, or which he permits to be carried on there. There must at least be some mutuality of interest in the subject to which the visitor's business relates, although the particular thing which is the object of the visit may not be for the benefit of the occupant. Pollock, Torts, 417; *Holmes v. North Eastern Ry.* L. R. 4 Exch. 254; *S. C. L. R.* 6 Exch. 123; *White v. France,* 2 C. P. Div. 308; *Burchell v. Hickisson,* 50 L. J. Q. B. 101."

The doctrine of licensor and licensee applies also where one invites another to ride with him in his conveyance, where the person invited to ride is a gratuitous passenger. *Patnode v. Foote,* 153 App. Div. 494, 138 N. Y. Supp. 221; *Pigeon v. Lane,* 80 Conn. 237, 67 Atl. 886; *Beard v. Klusmeier,* 158 Ky. 153, 164 S. W. 319; *Mayberry v. Sivey,* 18 Kan. 291.

Of course in the class of cases last above mentioned it must appear that the licensor was not guilty of any wilful act of negligence or any new danger created by the licensor. As stated in other cases, where the relation of licensor and licensee exists, the licensee can only recover for setting a trap or for active negligence.

The court is of opinion that in the instant case the relation of licensor and licensee, under the allegations of the complaint, existed under the general rule that where a guest is invited to come into the premises of the host for social or benevolent purposes only, the relation thus created is one of licensor and licensee and the rule of ordinary care does not apply.

The question then arises in this case, under the allegations of the complaint, whether, if it were established that it was the custom in the vicinity of Racine to have oriental rugs fastened and the defendant knew this and failed to notify the plaintiff, and plaintiff was ignorant of the fact, there could be a recovery. This proposition it is not necessary to decide in the view we take of the present case, because

there was no sufficient evidence of a general custom. The only witness offered to testify to a custom in Racine stated that he was not personally familiar with the laying of rugs in that city. Therefore his testimony was properly excluded. No other evidence on that subject was offered, hence there is no basis for the claim in the complaint that defendant was negligent in the respect mentioned, namely, failing to notify plaintiff that the rugs were not fastened. It follows, therefore, that the purely social relationship in the case at bar raised no duty on the part of the host to exercise care or make the premises more safe, and that the relationship of host and guest, under the circumstances, was equivalent to the legal relationship of licensor and licensee and not equivalent to the legal relationship of invitor and invitee.

We are satisfied that no prejudicial error was committed by the court below and that the judgment is right and should be affirmed.

*By the Court.*—The judgment of the court below is affirmed.