## PEARSON v. MALLORY S. S. CO.

(Circuit Court of Appeals, Fifth Circuit. January 17, 1922.)

### No. 3708.

**Wharves** ⬅21—**Patching a hole in a wharf with a two-inch plank held not negligence as to a licensee.**

The nailing of a two-inch plank over a hole in defendant's wharf *held* not to constitute negligence as to plaintiff, who, when a visitor on the wharf in the daytime, fell over the plank and was injured.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action at law by Martha E. Pearson against the Mallory Steamship Company. Judgment for defendant, and plaintiff brings error. Affirmed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Eldridge Cutts, of Fitzgerald, Ga., for plaintiff in error.

W. A. Carter, of Tampa, Fla., and W. E. Kay, of Jacksonville, Fla., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. Martha E. Pearson (hereinafter styled plaintiff) brought suit against the Mallory Steamship Company hereinafter styled defendant) to recover for personal injuries sustained by her by a fall on defendant's wharf, on which she was a visitor. Her declaration alleged that the injuries were produced by her foot coming in contact with a plank about two inches thick nailed over a hole, thus causing a projection above the regular line of the floor of the wharf of about two inches. The negligence charged was the nailing of the board over the hole, causing such projection, instead of inlaying it, so as to make an even surface. It was not alleged that the projection was not plainly visible or the plaintiff did not know of its existence.

The court below rendered the following opinion:

"The declaration alleges that plaintiff was injured by striking her foot against a board nailed over a hole projecting two inches above the surface of the wharf. It is not alleged it was in the nighttime and the wharf improperly lighted, etc. The sole ground of negligence relied upon is that the board repairing the hole was nailed down, leaving the edges projecting two inches above the surface of the wharf. Does such a method of repair constitute negligence? is the question for decision. I do not think so. To require the wharf owner to keep the surface of the wharf perfectly smooth, free from all projections, would be to require him virtually to insure the safety of persons using said wharf on business or as licensees, and dispense with the doctrine of negligence."

The declaration was dismissed on demurrer, as stating no cause of action. Plaintiff brings error on this judgment.

The position of the plaintiff as stated in her declaration was that of a mere visitor; "the relation of licensor and licensee" existed, where "the licensee can only recover for setting a trap or for active negligence." Greenfield v. Miller, 173 Wis. 184, 180 N. W. 834, 837, 12 A. L. R. 982; Plummer v. Dill, 156 Mass. 426, 31 N. E. 128, 32 Am. St. Rep. 463.

The facts stated show no negligence on the part of the defendant. There was no concealment of the patch made by the plank; there was no circumstance explaining why it was not apparent to the plaintiff. It is not even averred that plaintiff was ignorant of its existence. It is not averred that it was not a usual or customary manner of repairing such holes, or that there was another customary way. It was not averred that the place was a designated footway, or even usually used as such. The sole averment of negligence is that the plank was nailed over the hole, instead of having been inlaid. We do not think this was negligence, under the facts pleaded as regards the plaintiff.

The judgment of the District Court is affirmed.