CLEARY, Respondent, vs. ECKART, Appellant.

*September 14—October 12, 1926.*

*Automobiles: Gratuitous guests: Negligence: Degree of skill required of host.*

1. A guest must accept the premises of his host as he finds them, it being only the duty of the host to warn the guest of lurking dangers. p. 116.
2. The owner or driver of a vehicle upon a public highway owes to a gratuitous guest the duty of exercising ordinary care not to increase the danger to the guest or to create a new danger. [The rule expressed in *Mitchell v. Raymond,* 181 Wis. 591, modified and restated.] p. 117.
3. A guest in an automobile does not have the right to demand of the host a degree of skill which the host is unable to furnish for his own protection, but the guest must accept the honest and conscientious exercise of such skill as the host may have attained in the management of automobiles. p. 118.
4. Where, in a situation arising from a deflated tire on a graveled road, an inexperienced host attempted to stop her automobile suddenly and the plaintiff guest was injured when the car skidded, there was no actionable negligence on the part of the host in doing what she supposed the exigency required, even though her judgment has proved to be wrong. pp. 118-120.

APPEAL from a judgment of the circuit court for Marinette county: W. B. QUINLAN, Circuit Judge. *Reversed.*

Action by a gratuitous occupant of an automobile to recover damages against the driver thereof for personal injuries resulting from the alleged negligent operation of the car. The plaintiff lived in Florence, Wisconsin, the defendant lived in Wakefield, Michigan, a distance of 128 miles from Florence. They had been close friends for twenty years. Plaintiff had been visiting defendant at her home in Wakefield. Upon the time arriving for plaintiff to return to her home at Florence, the defendant offered to take her in her car, and on July 11, 1925, the trip was undertaken. Plaintiff and defendant sat in the front seat. Plaintiff's daughter and defendant's two children sat in the rear

seat.   About 11 o'clock they stopped for lunch.   After lunch
they proceeded for about ten miles, when they came upon a
piece of graveled road.   There was a light coating of gravel
upon a hard-pan surface.   Shortly after entering upon the
gravel the defendant, who was driving, felt a bump in the
rear of the car.   She immediately applied the brakes to stop
the car.   The car skidded to the right.   The right front
door was thrown open, and the plaintiff was thrown from
the car, causing her personal injuries.

   The jury found that the defendant failed to exercise or-
dinary care in the operation and management of the car,
which failure was the proximate cause of the accident.   The
verdict returned also found the plaintiff guilty of contribu-
tory negligence proximately contributing to the accident.
The trial court changed the answer of the jury to the ques-
tion relating to contributory negligence from Yes to No,
and rendered judgment in favor of the plaintiff.   From that
judgment defendant appeals.

   For the appellant there were briefs by *Quarles, Spence &
Quarles,* attorneys, and *Arthur B. Doe* and *Kenneth P.
Grubb,* of counsel, all of Milwaukee, and oral argument by
*Mr. Grubb.*

   For the respondent there was a brief by *Sells & Sells* of
Florence, attorneys, and *Murphy & Murphy* of Marinette,
of counsel, and oral argument by *Arthur M. Sells.*

   OWEN, J.   The question first presented is whether the
evidence justifies the finding of the jury that the defendant
was negligent in the management and operation of the car.
Should that question be answered in the negative, it will be
unnecessary to consider whether the court was justified in
changing the answer of the jury to the question relating to
contributory negligence.

   There is no claim made that the defendant drove at an
excessive rate of speed or that she was inattentive in any

manner to her duties in the matter of driving the car. It is not claimed that she was reckless in any respect. The only negligence relied upon is that it was not proper for her to bring the car to a sudden stop upon the graveled road. So-called experts were permitted to testify that the sudden application of brakes upon a graveled road, especially with a flat balloon tire, was likely to produce a skidding of the car, and that such action did not constitute proper driving.

The relation existing between the plaintiff and the defendant was the typical relation of host and guest. This court has held that under such circumstances it is the duty of the host or driver to exercise ordinary care to prevent injury to the guest. *Mitchell v. Raymond,* 181 Wis. 591, 599, 195 N. W. 855. This is the general rule. Huddy, Automobiles, p. 877 *et seq.;* Berry, Automobiles (4th ed.) § 606; 20 A. L. R. note p. 1014. In all of the cases bearing upon this subject coming to our attention, the negligence which was held to constitute liability on the part of the host was in the nature of reckless driving, inattention, and the like. In no case that we have been able to find did the negligence creating liability consist in a mere lack of skill or experience. Because a rule of law holding the defendant liable in this case seems unduly harsh, we have given this question our most serious consideration.

It is well settled that the guest must accept the premises of the host as he finds them, it being only the duty of the host to warn the guest of lurking dangers. *Greenfield v. Miller,* 173 Wis. 184, 180 N. W. 834; *O'Shea v. Lavoy,* 175 Wis. 456, 185 N. W. 525. Consequently it was held in *O'Shea v. Lavoy* that the host was not liable for injuries resulting from a defect in an automobile of which he had no notice. In many of the cases it is said that the duty of the host is to exercise ordinary care not to increase the danger to the guest or to create a new danger. *Patnode v. Foote,* 153 App. Div. 494, 138 N. Y. Supp. 221; *Avery v.*

*Thompson,* 117 Me. 120, 103 Atl. 4; *Beard v. Klusmeier,* 158 Ky. 153, 164 S. W. 319; *Fitzjarrell v. Boyd,* 123 Md. 497, 91 Atl. 547.

*Greenfield v. Miller,* 173 Wis. 184, 180 N. W. 834, and *O'Shea v. Lavoy,* 175 Wis. 456, 185 N. W. 525, are to the same effect. In the latter case it was said: "The guest has no right to a greater security than that enjoyed by the host or other members of his family. The host simply places the premises which he has to offer at the disposal and enjoyment of his guest upon equal terms of security." Perhaps the language used in *Mitchell v. Raymond,* 181 Wis. 591, 599, 195 N. W. 855, is subject to a broader construction. It was there said that "as to the gratuitous guest in a vehicle on a public highway, the owner or driver of such vehicle owes to such guest the duty of exercising ordinary care to avoid personal injury to him, and for a breach of such duty and consequent injury the host can be held for the resulting damages." That language must be construed, however, with reference to the fundamental relation existing between host and guest, which has been defined by this court to be that of licensor and licensee, and to the duties springing from that relationship, which we believe is most tersely and correctly expressed in the cases above cited and approved and recognized in *Greenfield v. Miller,* 173 Wis. 184, 180 N. W. 834, and *O'Shea v. Lavoy,* 175 Wis. 456, 185 N. W. 525. It must be remembered that in *Mitchell v. Raymond,* 181 Wis. 591, 195 N. W. 855, the court was only dealing with that degree of care to be exercised by a host for the protection of his guest in the field where care is required. But the situation here presented indicates that such field was too loosely and too broadly defined. The rule therein expressed and above quoted is now modified to read as follows: "As to the gratuitous guest in a vehicle on a public highway, the owner or driver of such vehicle owes to such guest the duty of ex-

ercising ordinary care not to increase the danger to the guest or to create a new danger."

When one drives his car to his neighbor's door and invites his neighbor to an automobile ride, does not the neighbor accept the hospitality which the host has to offer? That hospitality consists of the car and the driver. When he accepts the invitation and enters the automobile, does he not accept the car in the condition in which it exists and such skill as may be possessed on the part of the driver? That there is a great variation in the degree of skill possessed by those who assume to drive cars is well known. Not all who drive automobiles by any manner of means can be said to be expert drivers. The danger thus assumed is the danger that should not be increased and to which the host should add no new danger. If the host driving the car conscientiously exercises the skill possessed by him in handling the car under emergencies, does the guest have a right to demand any more? Does the guest have a right to demand of the host a degree of skill for the security of the guest which the host is utterly unable to exercise for his own protection? It would seem that the statement of this question carried with it its own answer, and that the same consideration which compels the guest to accept the car in the condition in which he finds it also compels him to be content with the honest and conscientious exercise of such skill as the host or driver may have attained in the management and control of the automobile in emergencies.

The defendant had been driving a car only three months, during which time she had driven no more than 1,200 miles. She had had no experience with a deflated balloon tire on a graveled road. She testified that when she felt the bump she believed it to be her duty to bring the car to a stop as soon as possible. Her experience had not taught her to beware of skidding under such circumstances. There is no question but that she did what she supposed the exigency required. In so acting, her own safety as well as the safety

of the children in the back seat was involved. Perhaps her judgment was wrong, and in the exercise of that degree of skill which she had not yet acquired she should have brought the car to a more gradual stop. But that was a lesson which her experience had not taught her. The plaintiff knew of defendant's limited experience in driving automobiles. While plaintiff knew that defendant was able to start and stop and steer the car under favorable or ordinary circumstances, she must have known that her short experience had not enabled her to acquire the skill necessary to handle the car under emergencies. The situation arising from a deflated tire on a graveled road is not an ordinary situation, and calls for a degree of skill in managing the car which one has no right to expect from a novice or from one who has driven a car but 1,200 miles. The plaintiff knew of defendant's limited experience, and she knew that when she accepted the hospitality of the defendant she was placing herself in the hands of a driver with exceedingly limited experience in the management and control of automobiles. It would be interesting to inquire whether under such circumstances the guest should not be held to have accepted the risk incident to the situation, but we think the case may well be disposed of on the ground that plaintiff accepted such hospitality as the host had to offer, and that consisted of the car in the condition in which it was, and the driver, with such limited skill as she had been able to acquire in driving a car but 1,200 miles, of which plaintiff had knowledge. She should not be permitted to recover damages resulting from a lack of defendant's skill.

The situation here is analogous to that where one invited another to ride in a horse-drawn vehicle. Concerning such a situation, it was said that "one who invites another to ride is not bound to furnish a sound vehicle or a safe horse. If he should have knowledge that the vehicle was unfit for transportation or the horse unsafe to drive, another element would arise, and he might be liable for recklessly induc-

ing another to enter upon danger." *Patnode v. Foote,* 153 App. Div. 494, 138 N. Y. Supp. 221. Similarly we think that one who asks another to ride with him in his automobile does not guarantee to the guest a sound automobile or an accomplished degree of skill in the management thereof. His duty extends only to refraining from increasing the danger which the guest assumes upon entering the automobile manned by the driver provided, or from adding a new danger.

It follows from these considerations that actionable negligence on the part of the defendant finds no support in the evidence, and that the complaint must be dismissed.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint.