BAKER, Respondent, vs. PUSEY, Appellant.

*January 8—February 5, 1929.*

For the appellant there was a brief by *Hannan, Johnson & Goldschmidt* of Milwaukee, attorneys, and *Whaley & Paulsen* of Racine, of counsel, and oral argument by *Vilas H. Whaley*.

For the respondent there was a brief by *Rubin, Zabel & Rouiller* of Milwaukee, and oral argument by *Winfield C. Zabel*.

The following opinion was filed February 5, 1929:

ESCHWEILER, J. Appellant contends that the plaintiff, being the guest of defendant on this automobile trip, has not, upon the verdict of the jury and the testimony, established a sufficient showing of any violation of the duty the defendant, as host, owed to the plaintiff, as guest, under the recent holdings of this court in such cases as *Cleary v. Eckart,* 191 Wis. 114, 117, 210 N. W. 267, 51 A. L. R. 576, and *Olson v. Hermansen,* 196 Wis. 614, 220 N. W. 203. And further claims that in any event the damages are excessive.

Considerable force is given to defendant's contention on the first point by the face of the answered verdict. The jury first found that plaintiff's injury *was* the natural and probable result of defendant's want of ordinary care in respect to the speed of his automobile. They then found that the plaintiff's injury *was not* the result of any want of ordinary care by defendant with respect to his management and control of the automobile. They then found that the plaintiff's injury *was* the natural and probable result of defendant's negligence with respect to lookout. In each

instance the express language of the questions submitted required that each be determined as of a time "at and just prior to the collision." If the jury construed this quoted repeated phrase as referring to the same instant of time and to an identical location of defendant's automobile in applying to the situation in these respective questions the standard of care by which his duty was to be measured, then we are confronted with a situation where, though the defendant was held negligent as to speed and lookout, both of which may certainly be considered as embraced within the phrase "control and management," yet that he was *not* negligent at the same point in space, and same instant in time, in his operation of controlling and managing his car. If the jury so regarded it, then the verdict seems inconsistent or contradictory and insufficient for judgment against defendant.

But in view of the testimony before the jury, we think it is proper to assume that it was intended by the jury to determine that the defendant was maintaining an unwarranted rate of speed as he approached the north half of the intersecting streets which was the zone of danger of a collision with any automobile from the west having the right of way, and that he did not use the proper measure of care in looking seasonably to the west just before coming into such danger zone. The jury could well, with proper discrimination, then determine that after he had negligently entered such zone and was confronted with the danger of collision with the automobile from the west, that from such point on he exercised ordinary care in the control and management of his automobile, namely, accelerating his speed and sharply turning to avoid the impending collision.

So construing the verdict, we think there was sufficient evidence to sustain a judgment declaring defendant's liability.

We think, however, that appellant's contention that the damages of $4,470 are excessive must be upheld.

Considering the entire situation and grappling as best we

can with the problem, so often presented in actions of this kind, of fixing a sum which in our judgment, as final arbiters, is the maximum amount that a jury should award under a fair and reasonable consideration of the entire record, we are here constrained to hold that the sum of $2,500 is the most that should be awarded as damages. Upon plaintiff filing an election to accept such sum she is entitled to judgment, otherwise a new trial.

*By the Court.*—Judgment reversed, with directions to permit the plaintiff, within thirty days after *remittitur,* to elect to take judgment for $2,500, otherwise defendant to have a new trial. Appellant to have costs here.

The following order was filed April 2, 1929:

PER CURIAM. The prior mandate is hereby amended to read as follows:

*By the Court.*—Judgment reversed, with directions to permit the defendant, within thirty days after *remittitur,* to elect to permit judgment against him for $2,500, otherwise to have a new trial. Appellant to have costs here. No costs, however, on this modification.

On April 30, 1929, a motion by plaintiff to change the amended mandate was denied, with $25 costs.