SCHUTT and husband, Respondents, v. SCHMID and wife, Appellants.

*No. 42. Submitted under sec. (Rule) 251.54 June 7, 1973.—*
*Decided June 29, 1973.*
(Also reported in 208 N. W. 2d 306.)

For the appellants the cause was submitted on the brief of *Ames, Riordan, Crivello & Sullivan* of Milwaukee.

For the respondents the cause was submitted on the brief of *Nathaniel D. Rothstein* of Milwaukee.

PER CURIAM. The complaint alleged that plaintiff Nancy Schutt, while a social guest in the home of the defendants, slipped and fell on a scatter rug in a bathroom. According to the allegations of the complaint, the bathroom floor was slippery, glassy and glossy ceramic tile, and the scatter rug did not have a nonskid backing. It was alleged that the defendants, knowing that the rug was not stationary when people walked on it,

failed to warn plaintiff Nancy Schutt of the danger. There was no allegation that the condition was concealed, or that Nancy Schutt was unable to discover it in the exercise of ordinary care.

The defendants base their argument in support of the demurrer on *Greenfield v. Miller* (1921), 173 Wis. 184, 180 N. W. 834. In that case the plaintiff slipped on an oriental rug which was covering a portion of a highly polished floor. The trial judge held that the evidence did not show that the condition was concealed from the plaintiff, and directed a verdict for the defendant. This court affirmed, noting that under the allegations of the complaint the question might arise whether if it were established that it was the custom in the community to have oriental rugs fastened and the defendant knew the custom and failed to notify the plaintiff that the rugs were not fastened, there would be sufficient evidence to send the case to the jury. It was not necessary to decide the question because there was insufficient evidence of such a community custom. The plaintiffs in this case argue that their complaint is sufficient to allow evidence of the custom of applying nonskid backing to scatter rugs in ceramic tile bathrooms in the community.

The plaintiffs have missed the point of the *Greenfield Case*. The complaint in that case alleged the condition of the premises was not discoverable by the guest in the exercise of ordinary care, that is, that the condition was concealed. The discussion of whether evidence as to a custom of fastening rugs was sufficient to send the case to the jury did not relate to the requirement of an allegation in the complaint that the condition was concealed. That is one of the elements of a trap, and without it, liability cannot be predicated on a failure to warn. *Kaslo v. Hahn* (1967), 36 Wis. 2d 87, 153 N. W.

2d 33. Since there is no allegation that the condition was concealed, the demurrer to the complaint should have been sustained.

The order is reversed, and the cause remanded with directions to enter an order sustaining the demurrer and granting the plaintiffs twenty days' leave to replead.