Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Louis B. Samuels against the Twin State Realty Company, in which defendant counterclaimed. From a judgment for defendant on its counterclaim, plaintiff appeals. Reversed and remanded.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Nathan S. Jerome, of New York City, for appellant.

Bennett E. Siegelstein, of New York City, for respondent.

PER CURIAM. Plaintiff sues as the assignee of one Garfunkel to recover commissions alleged to have been earned in making sales of real property owned or controlled by the defendant. The answer pleads a counterclaim for money advanced to the plaintiff's assignor.

As nearly as we can determine from the record, which is in a confused state, the court below allowed the plaintiff the amount claimed, and allowed the defendant's counterclaim to the amount of the plaintiff's claim, and awarded judgment in favor of the defendant. That this was the manner in which the conclusion announced was reached is to be inferred from the testimony which the court received as to the defendant's counterclaim, although there is nothing in the return which indicates that the counterclaim was passed upon, except that the return makes reference to the answer which sets up the counterclaim. Upon what theory the court below allowed a counterclaim against plaintiff's assignor against the plaintiff does not appear. It does appear, however, that the plaintiff's assignor and one Goldberg were partners, and the advances which the defendant claims to have made to the plaintiff's assignor were made to the partnership. The defendant could not recover upon a counterclaim against the plaintiff upon a debt due it from a partnership of which the plaintiff's assignor was a member. Thomas v. Noonan, 133 App. Div. 459, 118 N. Y. Supp. 25.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

---

(83 Misc. Rep. 430)

GILLICK v. DELAWARE, L. & W. R. CO. (two cases).

(Supreme Court, Appellate Term, First Department. December 30, 1913.)

CARRIERS (§ 316*)—INJURY TO PASSENGER—APPLICATION OF DOCTRINE OF RES IPSA LOQUITUR.

The doctrine of res ipsa loquitur has no application to an accident wherein a passenger is injured from the sudden breaking, from an unknown cause, of the glass of the window of the car in which she is riding.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1261, 1262, 1283, 1285–1294; Dec. Dig. § 316.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Two actions, one by Margaret Gillick, the other by Michael Gillick, both against the Delaware, Lackawanna & Western Railroad Company.

From judgments for plaintiffs, defendant appeals. Reversed and dismissed.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Douglas Swift, of New York City, for appellant.

Frank X. Sullivan, of New York City (Daniel F. Dunn, of New York City, of counsel), for respondents.

SEABURY, J. By stipulation two actions were tried together. The plaintiff in the first action sues to recover damages for personal injuries sustained while she was a passenger on one of the defendant's trains. The plaintiff in the second action is the husband of the plaintiff in the first action, and sues to recover damages for the loss of his wife's services resulting from the same accident. Both plaintiffs recovered judgments, and the sums awarded to the plaintiffs are conceded to be reasonable if the defendant is liable. The plaintiff in the first action, while a passenger on one of the defendant's trains, was sitting in a seat in the second or third car and looking out of the window. Suddenly there was a crash of glass, and the window through which the plaintiff was looking broke, and pieces of the glass struck the face and eyes of the plaintiff. The evidence fails to suggest the cause of the accident. The plaintiffs have recovered upon the theory that the doctrine of res ipsa loquitur is applicable to the facts of this case,

I think the learned court below erred in applying this doctrine. The doctrine is applicable only when the inference of negligence is required by the nature of the occurrence. It has no application when the res could have happened without negligence. Where some other cause than the negligence of the defendant could have caused the occurrence, there is no reason to infer that the occurrence was due to the negligence of the defendant. If the accident itself indicated that the accident was the result of the defendant's negligence, a different situation would be presented. The fact that the accident was of an unusual character does not of itself justify the application of the maxim res ipsa loquitur. See Robinson v. Consolidated Gas Co., 194 N. Y. 37, 86 N. E. 805, 28 L. R. A. (N. S.) 586.

Judgments reversed, with costs, and complaints dismissed, with costs. All concur.