ADA BOLTON, as Administratrix, etc., of RALPH C. BOLTON, Deceased, Appellant, *v.* JOHN C. MADSEN, Respondent.

Third Department, May 2, 1923.

Motor vehicles — plaintiff's intestate was killed while riding as invited guest in defendant's automobile — defendant, not experienced driver, did not reduce speed on curve when blinded by lights of another automobile — question for jury whether defendant was negligent — invited guest entitled to reasonable care.

In an action to recover for the death of plaintiff's intestate, who was killed while riding in defendant's automobile as an invited guest, it was error for the court to hold, as a matter of law, that the defendant was not negligent, since it appeared that the defendant was not an experienced driver; that he approached a sharp curve in an unfamiliar highway in the night time at a speed of twenty-five miles an hour; that he saw another automobile approaching from the opposite direction; that he knew that the lights from the approaching car when shining in his eyes would prevent him from seeing the road; and that he did not slow down on approaching the sharp curve.

Though plaintiff's intestate was an invited guest, the defendant owed him the duty of exercising reasonable care.

APPEAL by the plaintiff, Ada Bolton, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Saratoga on the 10th day of February, 1922, upon the dismissal of the complaint by direction of the court at the close of the case.

*Leary & Fullerton* [*Edward H. Gilhouse* and *Walter A. Fullerton* of counsel], for the appellant.

*David B. Sugarman* [*Carleton Shaw* of counsel], for the respondent.

HINMAN, J.:

Ralph C. Bolton, plaintiff's intestate, was riding with the defendant in the latter's automobile and as the latter's invited guest. It was a pleasure trip in the evening of July 4, 1920. The defendant was driving the car. Plaintiff's intestate was sitting on the front seat with the defendant. Another guest was sitting in the rear seat. At about ten-thirty P. M., while driving on the State highway between Mechanicville and Waterford, the defendant's car approached a sharp curve in the road, turning to the left. Another car was seen by the defendant approaching from the opposite direction but upon the other section of the said highway leading to the point or place of the curve. The two cars were thus not approaching each other in a straight line but upon lines substantially at right angles to each other. This other car was about 300 or 400 feet away when the defendant saw its lights. The defendant says that the lights of the other car did not come into his

eyes until the defendant's car was making the turn and until the two cars were 25 to 50 feet apart when as he says: " Those lights made things beyond those lights blank.   *   *   *   I tried to avoid those lights and went into the ditch."

Taking the testimony most favorable to the plaintiff, the defendant was driving 25 miles an hour and he traveled in the ditch 100 feet, running through a wire fence and finally stopping at a cinder bank in the ditch.   The defendant and the other passenger were somewhat injured and the plaintiff's intestate was killed.   The defendant was a rather green driver.   He had never driven a car until three months before, when he purchased this car and had driven it only two or three times a week in the evening.   He had noticed that bright headlights of other cars sometimes hid the road from his view for a certain distance ahead of him and he saw at the time of the accident the approach of this other car, which not only warned him of the possibility of such danger but indicated to him that there was a curve ahead.   It seems to us that it was error to hold as matter of law that it was not negligent for a driver of such limited experience to try to round that sharp curve at the rate of 25 miles an hour in the night time on an unfamiliar road and when another automobile was approaching, the headlights of which might dazzle his eyes.   It is quite apparent that he was going at a rapid rate of speed if we assume, as we must, that he traveled 100 feet in the ditch and through a wire fence and collided with something, either the fence or the cinder bank, with sufficient force to have killed the plaintiff's intestate.   In addition to these facts there is evidence that he made no effort to slacken the speed of his car as he approached the curve or after the lights of the other car were turned upon him.

Some persons might say that it was not negligent and apparently the learned trial justice thought it was not.   It seems to us, however, that different inferences might be drawn by different persons from the evidence and that, therefore, the question was one for the jury.

The law seems to be settled that even though the plaintiff's intestate was an invited guest, the defendant owed him the duty of exercising reasonable care.   (*Lowell* v. *Williams*, 183 App. Div. 701; affd., 228 N. Y. 592; *Patnode* v. *Foote*, 153 App. Div. 494.)

The judgment should be reversed upon the law and a new trial granted, with costs to the appellant to abide the event.

H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK and HASBROUCK JJ., concur.

Judgment reversed upon the law and new trial granted, with costs to the appellant to abide the event.