EDITH E. R. LEWIS, Plaintiff, *v.* HAROLD G. JOHNSON, Defendant.
WESLEY H. BOWER, Plaintiff, *v.* HAROLD G. JOHNSON, Defendant.
MAY BOWER, Plaintiff, *v.* HAROLD G. JOHNSON, Defendant.

Supreme Court, Steuben County, March 13, 1929.

*Sebring & King* for the plaintiffs.

*Claude Taggart,* for the defendant.

RODENBECK, J. This action is one for damages for negligence in the operation of an automobile which occurred in the State of Pennsylvania. It does not appear where the parties reside, but, even if all the parties reside in Pennsylvania, it may be prosecuted in this State unless public policy forbids. (*Loucks* v. *Standard Oil Co.,* 224 N. Y. 99, 106; *Newman* v. *Goddard,* 3 Hun, 70.) The liability depends upon the laws of the State where the cause of action arose. There is a presumption, however, with reference to an action of this sort, that the right to compensation is recognized by the laws of all the States. (*McDonald* v. *Mallory,* 77 N. Y. 546; *Williams* v. *Scaife & Sons Co.,* 227 Fed. 922; *Lauria* v. *Du Pont De Nemours & Co.,* 241 id. 687.) The plaintiffs, therefore, were not required to set up the laws of Pennsylvania upon which they based their cause of action, unless they desired to claim the benefit of certain statutes. It was proper, however, for the defendant to allege the laws of that State under which he claims the plaintiffs were not entitled to recover. The plaintiffs were not required to allege their residence in this State, in order to confer jurisdiction, but the question of jurisdiction may be raised at any time, and it is proper for the defendant to call attention to the omission of jurisdictional facts. The court may refuse jurisdiction where none of the parties resides in the

State. (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99, 110.) The defendant is not required to allege that the plaintiffs should give security for costs. The State of Pennsylvania is not a proper party, unless there is some provision in the statutes of that State to that effect. The attention of the court is not called to any such provision. If, under the statutes of Pennsylvania, the plaintiffs have no right to recover in this action, it is a proper subject of defense. The purpose of the plaintiffs in bringing the action is not material. There should be stricken from the answers the provision in the 1st paragraph relating to security for costs, the 2d, 3d, 4th, 5th and 6th paragraphs, and the phrase in the 7th paragraph " reserving all rights herein."

Motion granted, striking out the matter above mentioned, with costs to abide event, and with leave to the defendant to serve amended answers within twenty days. So ordered.