CHARLES KEMP and ELLEN H. KEMP, Plaintiffs, *v.* HARRY P. STEPHENSON, Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District, January 26, 1931.

*Joseph J. Jacobs,* for the plaintiffs.

*John H. Scully [John J. Kirwan* of counsel], for the defendant.

LEWIS, DAVID C., J.   On the 7th of July, 1930, the plaintiffs were guests of the defendant, traveling in his automobile along a State highway in New Jersey, when an accident happened causing injuries to them.

At the time of the accident the car was being driven and operated by the defendant personally.

Taking the plaintiffs' version of the accident, it appears that the car was traveling at about thirty to thirty-five miles an hour, when it went off the road and struck a tree; apparently at about the time of the accident some of the tires blew out. In written statements made by these plaintiffs, at the behest of the defendant's representative in the course of the investigation of the claim, they declared that "suddenly, the front right tire blew out, causing the car to veer sharply to the right, and before Mr. Stephenson was able to stop the car it left the roadway, rolling into a ditch." (See defendant's Exhibits 1 and 2. See, also, S. M. p. 15-a, line 11; p. 16-a, lines 10–11.)

The plaintiffs' bill of particulars alleges: "The defendant, while operating his automobile and while the plaintiffs were guests in his car negligently collided with a tree or other monument while proceeding at an excessive rate of speed considering the condition of his car. The defendant had knowledge of the fact for a reasonable length of time prior to the accident, that his tires and other parts of the car were not in a condition to warrant the taking of a long trip and to warrant his proceeding at the rate of speed on the day in question, to wit, about thirty miles an hour. Further that the condition of the said tires was not conveyed to the plaintiffs, so that plaintiffs had no knowledge of the condition of the said machine prior to the date of the accident, and the defendant was negligent not only in the operation of his car, but, in that he failed to have his car under proper control."

And testimony was given that the said tires were worn to the fabric; that this condition was called to the attention of the defendant before starting on the return trip; so that it might be inferred the defendant knew of the dangerous condition and should have realized that it involved unreasonable risk.

The defendant offered no direct testimony on the issue of negligent operation; and at the close of the plaintiffs' case moved to dismiss the complaint because of the insufficiency of the plaintiffs' proof.

The troublesome question of the liability of the driver of an automobile to his guests who have accepted his invitation to ride as his free passengers, and the risk assumed by such occupants has at last been set at rest in this jurisdiction by the very definite and distinct ruling of our Court of Appeals.

In respect to negligent operation the court holds: "These decisions, however, are opposed to the general current of authority, and to the rule laid down in a case which came to this court (*Clark*

v. *Traver*, 205 App. Div. 206; 237 N. Y. 544), where it was said: 'It is well established that the duty which the defendant owed to the plaintiff as a licensee was to exercise ordinary and reasonable care, not to increase the danger of the plaintiff while thus in defendant's car, or to create any new danger.' In Connecticut, where the standard of 'active negligence' prevails, it has been said that fast, improper or inattentive driving would constitute such negligence. (*Pigeon* v. *Lane*, 80 Conn. 237.) It would seem, therefore, that, in respect to all acts or omissions, strictly relating to the operation of an automobile, the duty of the host toward his guests is to exercise ordinary care for their protection. The limitation, placed by the authorities upon the rule of ordinary care, that it applies in instances only where there is involved an increase of an existing hazard, or the creation of a new peril, is significant in its implication that as to existing risks, such as might inhere in the mechanism of the car or the host's lack of mechanical knowledge, the rule is inapplicable." (*Higgins* v. *Mason*, 255 N. Y. 104, at p. 108.)

Passing on the question of the responsibility of the host for mechanical defects, the opinion reads: " Mason would be liable only if he *knew* of the dangerous condition; *realized* that it involved an unreasonable risk; *believed* that the guests would not discover the condition or realize the risk; and failed to warn them of the condition and the risk involved." (*Higgins* v. *Mason, supra,* at p. 110.)

" Under the above principles, therefore, one who invites another to ride is not bound to furnish a sound vehicle or a safe horse." (*Higgins* v. *Mason, supra,* at p. 108, quoting *Patnode* v. *Foote,* 153 App. Div. 494.)

This distinction between the degree of care owed by a driver to a free riding guest, as contrasted with that due a passenger for fare, is not new to our law of negligence.

The auto may have replaced the horse-drawn vehicle, but the old rules of liability survive.

Unfortunately, in the case before me, no direct positive testimony was given by any witness upon the trial, charging the accident to any specific act of negligence on the part of the defendant, though manifestly the plaintiffs were not at fault.

The case is practically barren of any testimony showing the character and condition of the roadway or such other facts that would ordinarily have a bearing on the question of the defendant's negligent driving. (*Bolton* v. *Madsen*, 205 App. Div. 180, at p. 181; *Clark* v. *Traver*, Id. 206, at p. 207; *Patnode* v. *Foote, supra.*)

Let us consider the alleged " mechanical defects." The bill of particulars and the statements of the plaintiffs, offered in evidence, contain language tending to connect the accident with the blowout

of the tires. And in this motor-traveling age, the court believes judicial notice may be taken of the fact that a blowout of the tires can affect the direction of the car. But the defendant himself was not interrogated on this point by either party to the litigation.

By accepting the invitation to ride in the defendant's car, the plaintiff assumed such risks arising out of the defendant's mistake of judgment in believing that the car was a safe vehicle in which to journey. The defendant " thought the car safe for himself; he could not have realized that it was unsafe for his guests." Plaintiffs failed to establish that the defendant realized that by traveling in this automobile an unreasonable risk was involved; that the defendant believed his guests would not discover the condition of the tires or that they realized the risk. There can be no recovery on the theory of mechanical defects.

Then again, upon the entire record, the court does not believe it would be warranted in holding that this alleged defect of the tires was the sole and producing cause of the accident.

As the situation presented itself at the close of the case, negligent operation could not be spelled out of the mere fact that the car was traveling at approximately thirty or thirty-five miles an hour. True, an accident of this kind manifestly should not occur in the course of ordinary operation of a safe motor vehicle; that it did happen called for an explanation.

This accident occurred in New Jersey; hence the liability of the defendant must be determined according to the laws of New Jersey.

" It is the settled law, in personal injury cases, that the *lex loci* governs the rights of litigants." (*Sapone* v. *N. Y. Central & H. R. R. R. Co.*, 130 Misc. 755, at p. 756.)

" The liability depends upon the laws of the state where the cause of action arose. There is a presumption, however, with reference to an action of this sort, that the right to compensation is recognized by the laws of all the states." (*Lewis* v. *Johnson*, 133 Misc. 777, at p. 778.)

"Actions for injuries to the person committed abroad are sustained without proof in the first instance of the *lex loci*, upon the presumption that the right to compensation for such injuries is recognized by the laws of all countries." (*McDonald* v. *Mallory*, 77 N. Y. 546, at p. 551.)

No proof of the laws of New Jersey regulating the speed of automobiles upon an open State highway was submitted; hence I am permitted no presumption as to the statutory regulations on this question.

The decision in *Higgins* v. *Mason* (*supra*) tells us that in New Jersey a host is liable to his guest " only where the host has been

guilty of willful neglect." (Citing *Faggioni* v. *Weiss*, 99 N. J. L. 157.)

If the accident was caused solely by the defective tires, plaintiffs failed to make out a case. If it was due to the omission of the defendant " to exercise ordinary and reasonable care not to increase the danger of the plaintiff while thus in defendant's car, or to create any new danger," such facts remain to be proven.

Complaint dismissed, without prejudice.