HELEN F. BENNETT, Appellant, *v.* MARY LEE EDWARD, Respondent.

First Department, November 3, 1933.

*M. Edward Kelley* of counsel [*Kelley & Connelly*, attorneys], for the appellant.

*William B. Davis* of counsel [*Theodore L. Karpf* with him on the brief; *E. C. Sherwood*, attorney], for the respondent.

MERRELL, J. The plaintiff brought this action to recover damages for personal injuries which she alleges she sustained as the result of an automobile, the property of defendant, running off the road and into the ditch. The defendant's automobile was operated by a third person for the defendant. As the automobile was proceeding at a rate of speed of about fifteen miles an hour along an open road in a procession of cars, suddenly, for some reason unknown to the plaintiff, the car swerved to the left, ran across the road and into the ditch, turned over on its left side against an obstruction, as the result of which plaintiff received serious bodily injuries. The evidence at the trial afforded no explanation whatever as to the cause of the accident. Plaintiff was unable to testify to more than the fact that the defendant's automobile, in which she was a guest rider, turned to the left out of the line of cars in which it was traveling, crossed the road and went into the ditch. The question involved upon this appeal is as to whether, under the proof of the facts and circumstances surrounding the accident, plaintiff made out a *prima facie* case of negligence requiring the defendant to go ahead with evidence and negative the presumption of negligence which arose from the occurrence of the accident under the conditions stated — in short, whether or not the doctrine of *res ipsa loquitur* applied to the situation.

The circumstances under which the accident occurred were as follows: The plaintiff was a music teacher and an intimate friend of the defendant. On October 7, 1928, the defendant invited the plaintiff to take a ride in the defendant's automobile. Plaintiff accepted, and the defendant called for plaintiff at her apartment in New York city. Accompanying defendant was a Mr. Cage, who drove the defendant's car. Cage was seated at the extreme left. The defendant sat next to him, and the plaintiff on the extreme right on the driver's seat. The party first proceeded to the Sleepy Hollow Country Club in Westchester county, where they had luncheon. Plaintiff and the defendant spent the afternoon in walking about the club grounds, while Cage played golf. About six o'clock in the evening, while it was still daylight, the parties started back to New York, Cage driving the car and the defendant and plaintiff seated as above indicated. As the party came toward the city of New York, they proceeded down the Saw Mill River road, a much-used thoroughfare for motor cars coming towards the

city of New York. There were comparatively few cars going away from the city at the time. The defendant's car was proceeding slowly and staying in the line of traffic. Plaintiff testified that as the car was proceeding at a rate of speed of about fifteen miles an hour, Cage, the driver of the defendant's car, wanted to get ahead of the line of cars in which they were traveling. The plaintiff testified as follows: " The car turned to the left, and it all happened very, very suddenly. I realized that something white was coming toward us, and we were just all of a sudden — there was a terrific crash, a jolt. All I could hear was just the sound of broken glass flying, and we came, of course, to this dead standstill. I was thrown against the windshield. My head broke the windshield and my right knee was thrown against the dash. I was very much surprised to look down and find myself all covered with blood; it had all happened so quickly that I did not know really at the time that I had been hurt." Immediately the car went into the ditch on the left side of the road and turned on its left side. Plaintiff testified that prior to the accident nothing unusual about the way the car was driven attracted her attention; that Cage was a good but erratic driver. The first thing the plaintiff knew was that the car made a change in its course, and that she then heard and felt a crash and received her injuries. Plaintiff had no warning whatever that the driver was to turn out of line and attempt to pass the cars in front of him. She had no opportunity whatever to protest such action on the part of the driver of the car. No further testimony was given at the trial as to the manner in which the accident happened, the plaintiff merely proving her personal injuries by her own and by medical testimony. At the close of such testimony the plaintiff rested and the defendant moved to dismiss the complaint on the ground that the plaintiff had failed to establish any act of negligence on the part of the defendant through the operator of the car, and that there was no proof of any defective mechanism in the car, and no proof of any negligence on the part of the defendant. Counsel for plaintiff took the position in answer to such motion that the case was one where, under the circumstances as proven, the doctrine of res ipsa loquitur applied, and that the happening of the accident, without any explanation, raised a presumption that it occurred as the result of some negligence on the part of the defendant. Defendant's motion to dismiss was granted by the trial court.

Unquestionably, the defendant is liable for the injuries which the plaintiff sustained if they resulted from the negligence of the driver in the operation of the defendant's automobile. Concededly, the defendant owned the car and the plaintiff was a passenger therein as the defendant's invited guest. The vehicle was being driven by

Cage with the permission and under the eye of the defendant, who sat immediately next to him on the driver's seat. The defendant had the right to control the operation of the car. Under such circumstances the owner became responsible for any negligent operation of the car as much as though the same were driven by the defendant herself. The defendant's liability for the negligence of the driver of the car is fixed by the provisions of section 59 of the Vehicle and Traffic Law. That statute provides that " Every owner of a motor vehicle or motor cycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, expressed or implied, of such owner."

There can be no question that, in the case at bar, the defendant was liable for any injuries resulting from the negligence of Cage in driving the car. (*Cohen* v. *Neustadter*, 247 N. Y. 207.) The defendant owed to the plaintiff, her guest, the duty of exercising reasonable care in the operation of her motor car. (*Bolton* v. *Madsen*, 205 App. Div. 180; *Clark* v. *Traver*, Id. 206; affd., 237 N. Y. 544.) The accident which resulted in plaintiff's injuries occurred without any apparent cause, except that the automobile was operated negligently. The evidence shows that the car was being driven at a very moderate rate of speed on a public and much-traveled highway, and was proceeding in a heavy line of cars coming towards the city of New York. The car was apparently in good running order and had been operated without any trouble from New York city to the Sleepy Hollow Country Club in Westchester county and from there back toward the city to the point where the driver of the car suddenly turned it to the left out of the line of traffic, when it ran into the ditch. The operation of the car was wholly within the control of the defendant and the plaintiff had no means of explaining the cause of the accident.

We are of the opinion that, under the proof and circumstances, the burden rested upon the defendant to explain the cause of the accident and, if possible, to overcome the presumption of negligence which resulted from the occurrence of the accident. We think the court should have applied the doctrine of *res ipsa loquitur*, and that error was committed in dismissing the complaint without requiring the defendant to go ahead with proof excusing the defendant from any negligence.

Many decisions of the courts of this State and sister States and in foreign jurisdictions support the contention of the plaintiff that the doctrine of *res ipsa loquitur* applies to the facts in the present

case. In the case of *Nelson* v. *Nygren* (233 App. Div. 573; affd., 259 N. Y. 71) an automobile ran off the road. No reason for the car leaving the road was given. The plaintiff, a guest in the car, recovered a verdict which was upheld by the Appellate Division. The doctrine of *res ipsa loquitur*, that proof of the accident and the circumstances surrounding it sufficiently established the negligence of the driver of the car, was applied in that case. The recovery was affirmed by the Court of Appeals. The Court of Appeals applied the maxim of *res ipsa loquitur* to the facts in that case.

A very recent case in Dutchess county is *Spreen* v. *McCann* (147 Misc. 41). In that case the car in which the plaintiff was a passenger veered to the right, left the highway, and ran into the ditch, colliding with a pole. There was no evidence whatever of the defendant's negligence in that case, except the accident itself and the surrounding circumstances. The court held that there arose therefrom an inference of negligence on the part of the driver of the car. In denying the defendant's motion in that case to set aside the verdict and dismiss the complaint, the trial justice who entertained the motion wrote as follows: " There was no substantial error upon the court's part prejudicial to the defendant upon the trial, unless the ruling relating to the doctrine of *res ipsa loquitur* was erroneous; and (d) that the only serious question for determination is whether this doctrine was properly applied by the court to this case. After careful study, I decide in accordance with the impressive weight of authority that said ruling was correct [citing numerous authorities] for the reason that the operation of the car was exclusively under the control of the defendant driver, and the accident was one which does not ordinarily happen without negligence of such an operator. The court properly charged the jury as to the defendant's duty to come forward with evidence in explanation of the occurrence, giving proper instructions as to the burden of proof being and remaining upon the plaintiff throughout the case."

In *Goldstein* v. *Pullman Co.* (220 N. Y. 549) the plaintiff, a passenger in a sleeping car, left a satchel in the aisle by his berth when he went to bed. In the morning the satchel was gone. On proof of such facts the plaintiff rested his case. There was no proof of negligence other than the mere fact that the satchel was gone in the morning. The defendant offered no proof, but relied upon its motion to dismiss, which the trial court granted. The Court of Appeals held that such dismissal was erroneous, and that the plaintiff had made out a *prima facie* case requiring the defendant to go on with the evidence and free itself of the implication of negligence. In that case Judge POUND wrote (at pp. 553, 554):

" The tendency in the more modern decisions in cases like this is to put the company on its defense when the loss is inconsistent with the proper care and the facts are in its possession, because ' the thing itself speaks.' CULLEN, J., in *Griffen* v. *Manice* (166 N. Y. 188, 193, 194), writing of *res ipsa loquitur*, says that negligence may be established by proof of circumstances in all cases; that ' it is not the injury, but the manner and circumstances of the injury, that justify * * * the inference of negligence;' that ' where the defendant has knowledge of a fact but slight evidence is requisite to shift on him the burden of explanation;' that, therefore, in proper cases the jury may be permitted to infer negligence from the accident and the attending circumstances in the absence of an explanation, and that these rules are general, not confined to any particular class of cases, but applicable wherever issues of fact are to be determined. The surrounding circumstances here suggest that a loss ordinarily would not happen if care commensurate to the duty of active watchfulness had been exercised, and the burden should shift to the defendant to show what degree of care and diligence was actually exercised."

In the case of *Griffen* v. *Manice* (166 N. Y. 188), cited by Judge POUND in the *Goldstein* case, plaintiff's intestate was killed as the result of the fall of an elevator. The cause of the accident did not appear. The defendant offered no evidence in explanation. At the trial the justice presiding charged the jury that the owner of the elevator was bound to exercise the highest degree of care in its maintenance and operation. The Appellate Division affirmed (47 App. Div. 70), but on appeal to the Court of Appeals the Appellate Division was reversed solely upon the ground that there was error in the charge of the court to the jury in that the owner of the elevator was only required to exercise ordinary care and not the highest degree of care. In *Griffin* v. *Manice*, Judge CULLEN, after discussing the accident and the surrounding circumstances, pointed out that no accident could ordinarily have occurred had the elevator machinery been in proper condition and properly operated, saying: " The court was, therefore, justified in permitting the jury to infer negligence from the accident, construing, as I do, the term accident to include not only the injury, but the attendant circumstances." Holding that the doctrine of *res ipsa loquitur* applied to that case, Judge CULLEN, writing for the Court of Appeals, said (at pp. 193, 194): " The maxim is also in part based on the consideration that where the management and control of the thing which has produced the injury is exclusively vested in the defendant, it is within his power to produce evidence of the actual cause that produced the accident, which the plaintiff is

unable to present. Neither of these rules — that a fact may be proved by circumstantial evidence as well as by direct, and that where the defendant has knowledge of a fact but slight evidence is requisite to shift on him the burden of explanation — is confined to any particular class of cases, but they are general rules of evidence applicable wherever issues of fact are to be determined either in civil or criminal actions. * * *

" I can see no reason why the rule thus declared is not applicable to all cases or why the probative force of the evidence depends on the relation of the parties. Of course, the relation of the parties may determine the fact to be proved, whether it be the want of the highest care or only want of ordinary care, and, doubtless, circumstantial evidence, like direct evidence, may be insufficient as a matter of law to establish the want of ordinary care, though sufficient to prove absence of the highest degree of diligence. But the question in every case is the same whether the circumstances surrounding the occurrence are such as to justify the jury in inferring the fact in issue."

Judge POUND, writing for the Court of Appeals, in *Plumb* v. *Richmond Light & R. R. Co.* (233 N. Y. 285), with reference to the applicability of the doctrine of *res ipsa loquitur* where the plaintiff's injuries were sustained as the result of an unexplained accident, had this to say: " The only question thus presented is whether *res ipsa loquitur* was properly applied. *Res ipsa loquitur* is a loose but much-used phrase of limited application which is a symbol for the rule that the fact of the occurrence of an injury and the surrounding circumstances may permit an inference of culpability on the part of the defendant, make out plaintiff's *prima facie* case, and present a question of fact for the defendant to meet with an explanation. The term ' surrounding circumstances ' in this connection refers not to circumstances directly tending to show lack of care in handling, such as excessive speed, lack of proper control of the car and the like, which tend in themselves to establish plaintiff's case, but only to mere neutral circumstances of control and management by the defendant which may, when explained, appear to be entirely consistent with due care. * * *

" The charge as given was proper in that this is ' a *res ipsa* case.' Although the plaintiff's case rested wholly on proof of the accident, the surrounding circumstances and the absence of an explanation, he would, at the close of his case, have been entitled to go to the jury on the question of fact thus presented, if no further evidence had been offered."

In other jurisdictions the doctrine of *res ipsa loquitur* has been applied where the facts and circumstances were similar to those

in the case at bar. (*Scott* v. *London, etc., Docks Co.*, 3 H. & C. 596; *McGowan* v. *Scott*, 99 L. J. [K. B.] 357.) The same doctrine has been applied by the Supreme Court of the Province of New Brunswick, Canada, Appeal Division, in *Long* v. *McLaughlin* ([1926] 3 Dom. L. R. 918, 923). In that case the Supreme Court of New Brunswick quoted from Beven on Negligence (3d ed. p. 115) as follows: " There must be *reasonable evidence* of negligence; and the mere occurrence of an injury is sufficient to raise a *prima facie* case: (a) When the injurious agency is under the management of the defendant; (b) When the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care." The doctrine was also applied in a case arising in the New Jersey Supreme Court (*MacKenzie* v. *Oakley*, 94 N. J. L. 66) where the proofs showed that the automobile skidded on a wet and slippery road and ran into a telegraph pole. In that case the New Jersey court wrote as follows: " The situation presented is within the rule applicable to an accident, which suddenly and for no apparent cause happens, and yet from the very fact of its occurrence an abnormal situation is presented which bespeaks negligence in operation, under the rule of *res ipsa loquitur*, which calls upon the defendant for an explanation to exculpate herself from the legal inference or presumption of negligence arising therefrom." (See, also, *Sheridan* v. *Arrow, etc., Co.*, 146 Atl. 191.) In the case of *Hamburger* v. *Katz* (120 So. 391) the Court of Appeal of Louisiana applied the doctrine of *res ipsa loquitur*, holding that the negligence of the driver of an automobile which swerves to one side of the highway and rolls down an embankment is presumed from the circumstances of the case under the maxim of *res ipsa loquitur*. To the same effect are the decisions of the California appellate courts in *Brown* v. *Davis* (257 Pac. 877) and *Smith* v. *Hollander* (Id. 577).

We are, therefore, of the opinion that the judgment entered upon the dismissal of the complaint upon the close of the plaintiff's case should be reversed, and a new trial granted, with costs to plaintiff, appellant, to abide the event.

FINCH, P. J., and MARTIN, J., concur; O'MALLEY and UNTERMYER, JJ., concur in result.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.