MYRA OWEN, as Administratrix, etc., of PAUL OWEN, Deceased, Appellant, v. BENJAMIN STRAIGHT, Doing Business under the Firm Name and Style of THIRTEENTH LAKE LODGE, Respondent.

PETER OWEN, Appellant, v. BENJAMIN STRAIGHT, Doing Business under the Firm Name and Style of THIRTEENTH LAKE LODGE, Respondent.

Third Department, January 19, 1934.

*Leary & Fullerton* [*Walter A. Fullerton* of counsel], for the appellants.

*Carter & Conboy* [*J. S. Carter* of counsel], for the respondent.

McNAMEE, J.   These actions were brought to recover for the death of the son, and the personal injuries of the father, on the ground of the negligence of the owner of the hotel.   At the close of plaintiffs' testimony the court granted defendant's motion to dismiss the complaint in each case, on the ground of plaintiffs' failure to establish actionable negligence on the part of the defendant.   It is clear that the hotel in question does not come within the provisions of section 205 of the General Business Law, because it did not exceed two stories in height; and accordingly, if the owner is to be held liable on the ground of negligence, that liability must be found at common law.   And the defendant persists in his contention here, that plaintiffs must fail despite the rule that plaintiff is entitled to the benefit of the most favorable inference that may be drawn reasonably from the evidence; and that the plaintiffs made no such a showing, in any reasonable view of the evidence, as called upon the defendant to go forward with his proof.

While hotelkeepers are not insurers of the safety of their guests, there is at common law an implied warranty in favor of the guest, arising out of his contractual relation, that the hotelkeeper has exercised the care and has not omitted to do those things that are reasonably necessary for his protection and safety. (*Friedman* v. *Shindler's Prairie House, Inc.*, 224 App. Div. 232, and cases there cited; affd., 250 N. Y. 574; *McDaniels* v. *Robinson*, 26 Vt. 316.)

The plaintiffs have assigned diverse acts and omissions of the defendant as grounds of negligence, including faulty construction and maintenance of the hotel building, defects in the usual means of escape that were provided, and other personal failures of the hotelkeeper to take the precautions under the circumstances which his duty of reasonable care imposed. The plaintiff Peter Owen was a relative stranger at the place in question, and could be fairly expected to know little of the facts that led to the fire. There is no proof in the record as to the cause of the fire, nor why the guests were not warned of its occurrence, nor what steps, if any, were taken to prevent its beginning or its spread. It may well be that the cause of the fire is unknown to any one, and the cause may be undiscoverable; and if the cause of the fire be discoverable, the proof of the cause may be dependent entirely upon circumstantial evidence, immediate or remote. The defendant has volunteered no explanation of the fire, nor of his conduct, on the theory that it is incumbent upon the plaintiff to point out specifically and in the first instance the particulars in which the defendant failed in his duty.

It is knowledge common to all that hotel fires resulting in personal injury and loss of life are not common, but, on the other hand, that such misfortunes occur only infrequently. And when proof of such untoward events, and the attendant facts and circumstances, such as are shown here, is made, it may not be presumed, as a matter of law, that they occurred by pure accident and without fault. There is proof in this case of facts and circumstances immediately connected with the occurrence, among others, that the hotel in question was of wood construction and was open to the public, and at the time of its destruction seven guests were being entertained there, including the plaintiff Peter Owen and his son; that it was lighted by electricity, and heated by a fireplace; that the halls were not lighted; that the building was far removed from public protection against fire; that fire broke out at three o'clock in the morning; that no warning of any character was given to the guests that the fire was burning and had spread through the hotel, and that while it was consuming the room in which Peter Owen and his son were sleeping, a hasty exit by them

was imperative; that escape by stairways and doors was cut off by the flames, and the construction and condition of the windows obstructed flight, and made escape difficult and dangerous; that the hotelkeeper or his agents took no part in discovering the fire, or rescuing the guests; that the defendant had exclusive control of the premises, the management of the hotel, its construction, care and maintenance, and of its equipment and appliances. It has been long recognized that when the defendant is in exclusive control of the thing that has caused mischief, and it is in his power to give evidence of the cause, and the surrounding facts and circumstances, when the plaintiff is not, only slight evidence is required to shift upon the defendant the burden of explanation. In our judgment, the unexplained facts presented here would justify an inference that the defendant had not met the duty of watchfulness which he owed to the plaintiff and his son. Upon the showing of facts proved and reasonably to be inferred in this case, the doctrine of *res ipsa loquitur* applied, and thereupon it became the duty of the defendant to go forward with his proof, and to show, if he could, the cause of the fire, and the care he had exercised in discharging his duty to his guests. (*Friedman* v. *Shindler's Prairie House, Inc.*, supra; *Griffen* v. *Manice*, 166 N. Y. 188; *Plumb* v. *Richmond Light & R. R. Co.*, 233 id. 285; *Goldstein* v. *Pullman Co.*, 220 id. 549; *Bennett* v. *Edward*, 239 App. Div. 157.)

Other evidence was offered by the plaintiffs tending to show the electrical connections and fixtures by which the electrical current was transmitted into and through the hotel building, the condition of the windows in relation to their construction and movement, the facilities for fire extinguishment, the means provided for exit in case of fire, and plaintiff's movements in attempting to escape, which constituted the *res gestæ*, and the facts and circumstances surrounding the accident, which were erroneously excluded by the trial court. These rulings resulted in an undue limitation of plaintiffs' proof, and we are unable to say that they were not prejudicial.

The judgments of the Trial Term should be reversed and a new trial granted, with one bill of costs to the plaintiffs in the court below, and in this court, to abide the event.

HILL, P. J., concurs; RHODES, J., concurs in the result, with a memorandum; BLISS, J., concurs in the result; CRAPSER, J., dissents and votes to affirm on the ground that no negligence was shown against the defendant.

RHODES, J. I concur in the result but do not think the doctrine of *res ipsa loquitur* applies.

It seems to me that with the description of the premises, the

wood construction, and all the elements which are present, it was for the jury to say whether or not a reasonably prudent man would have anticipated danger to his guests from fire. It is common knowledge that fires do occur with more or less frequency in such places, and I do not think it can be said that such a happening was not to be anticipated. I think it was further for the jury, in case they should find that the defendant should have anticipated danger, to say whether or not the defendant fulfilled his duty and exercised reasonable care for the protection of his guests either by precaution taken in advance of the fire or by his conduct after the fire was discovered.

I do not think it would necessarily be controlling, if shown that the defendant exercised the same care as others in his locality, because the others might also be guilty of negligence. Proof of the conduct of others is material and relevant as evidence in determining whether or not the defendant ·exercised reasonable care, but I do not think, as a matter of law, that the conduct of others, although the defendant conformed thereto, would absolve him from liability for failing to use reasonable care.

Judgments and orders reversed on the law and facts, and new trials granted, with costs to the appellant, in one action, to abide the event.