MARY HERBERT, as Administratrix, etc., of JOSEPH HERBERT, Deceased, Appellant, *v.* W. H. SMITH PAPER CORPORATION, Respondent.

Third Department, January 23, 1935.

*Ernest P. Lyons,* for the appellant.

*John C. Looby* [*John J. Scully* of counsel], for the respondent.

McNAMEE, J.  The plaintiff's intestate collided with an automobile while walking on an improved public highway near the city of Albany, and died from the injuries thus received.  The pedestrian was fifty years of age, was a carpenter, in good health, and worked steadily.  He was walking on the south shoulder of the road in a westerly direction at four o'clock in the afternoon, when the weather was clear.  The automobile that struck him was traveling easterly on the same side of the road, and no other traffic was present.  The location and progress of the decedent and of the automobile were observed when they were at points 200 feet apart, as they were approaching each other.  Both the driver and the pedestrian were then on the proper side of the road, and where each had a right to be; but neither was seen again until after the accident, which was not witnessed by any one except the participants.

The accident occurred on a sharp curve which was overhung by trees, somewhat obscuring the view, and neither end of the curve was visible from the other.  West of the place of accident, and on

to the westward, the road was constructed in three strips, and to the eastward it had only two. Both the pedestrian and the driver were traveling on the outside of the curve, the decedent facing the oncoming traffic and following the curve to his right, while the driver of the automobile was bearing to his left, around the curve. The accident occurred on the two-strip road at a point close to the place where the two types of road joined. Witnesses who were a short distance away at the time heard the "screeching" of brakes, the crash and the breaking of glass caused by the collision. And when they reached the scene they found the injured pedestrian lying where he had been projected by the impact, in a private yard bordering the outside of the curve, seven or eight feet from the highway, and the defendant's car parked at a point where it came to a stop, about 100 feet beyond and to the east. There is evidence that the defendant's car when seen about 100 feet before reaching the place of the accident was traveling at a rate of forty-five miles per hour. The Trial Term dismissed the complaint on the merits, on the ground that no specific act of negligence on the part of the defendant was proved.

The cause of decedent's death is not in question, and there is no proof of negligence on the part of the intestate; and the defendant offered no evidence. The only question before us is whether sufficient has been shown to require the defendant to go forward with its proof. From the evidence adduced, the jury could have found that within a very few seconds before the accident the deceased was in a place of safety, and where he had a right to be, and that there was no evidence that the safety of his position had been altered by him; that the automobile which caused the mischief here was owned by and in the exclusive control of the defendant; that the automobile, whose course was not impeded, was traveling at a speed of forty-five miles per hour, and ran down a pedestrian on a public highway, in the full light of day, on a sharp curve, where the view was obstructed, and where the road narrowed from three to two strips; that the automobile proceeded 100 feet after the accident before it could be brought to a stop; that the outer portion of the pavement on the three-strip road was in direct line with the shoulder of the two-strip road where decedent was walking, and that the automobile had proceeded but a short distance on the two-strip road before the accident. It is a notorious fact that an automobile when ill-managed or out of repair on a public highway may be an agency of great injury to a pedestrian. Also it is manifest that the defendant was in a position to give evidence that would explain the accident and death of the intestate, and that the plaintiff was not.

The new and enlarged uses to which our highways are now devoted, and the greatly increased number and character of vehicles thereon, and the added dangers that follow, render necessary new and added precautions to meet the requirement of ordinary care, whether of driver or pedestrian. The defendant was required to exercise caution in accordance with the unusual character of the place and circumstances where the accident occurred. Ordinary care on his part called not only for obedience to the statute (Vehicle and Traffic Law, § 67), but suggested the necessity on the curve of keeping watch for traffic, and especially for pedestrians. He did come into collision with the decedent, and the sole occupant of the car is the person who may be expected to know the cause. In their efforts to administer justice, the courts may not approve a rule, in the circumstances shown here, that will permit a defendant whose automobile concededly has injured another to assume the attitude that he need not explain, if he can, the injury inflicted, merely because no witness was present at the instant of the collision, and the victim is dead. It has long been recognized by the courts of this State that in circumstances such as these only slight evidence is required to shift to the defendant the burden of explanation. (*Griffen* v. *Manice*, 166 N. Y. 188; *Goldstein* v. *Pullman Co.*, 220 id. 549; *Owen* v. *Straight*, 239 App. Div. 622.)

The order and judgment should be reversed and a new trial granted, with costs to abide the event.

RHODES and CRAPSER, JJ., concur; HILL, P. J., and BLISS, J., dissent.

Order and judgment reversed on the law, and new trial granted, with costs to the appellant to abide the event.