ELIZABETH M. NAYLOR, Plaintiff, *v.* ERIE RAILROAD COMPANY, Defendant.

Supreme Court, Rockland County, April 6, 1935.

*Ivan E. Maginn* [*Ivan E. Maginn* and *Alton W. Teale* of counsel], for the plaintiff.

*Watts, Oakes & Bright* [*E. N. Oakes* and *M. B. Patterson* of counsel], for the defendant.

WITSCHIEF, J. The plaintiff was a passenger on one of defendant's trains, and claimed that the glass in the window at her seat rattled and suddenly broke, cutting her about the face. She recovered a verdict for $250, and the defendant moves to set aside the verdict upon the usual grounds. The defendant's first claim is that the doctrine of *res ipsa loquitur* is not applicable to this case because, they say, the accident could have occurred from other causes. That seemed to be the theory of Judge SEABURY in *Gillick* v. *Delaware, L. & W. R. R. Co.* (83 Misc. 430), because he says that where some other cause than the negligence of the defendant could have caused the occurrence, there is no reason for the inference that it was due to the defendant's negligence. That does not seem to be the law at present. In *Bennett* v. *Edward* (239 App. Div. 157) it was applied in an automobile case, although the automobile might have left the highway for any number of reasons not in any way attributable to the negligence of the defendant. The charge has not been submitted, but, if *res ipsa loquitur* was charged, it is concluded that no error was committed in that respect. Windows in passenger coaches do not crash, if due care is used. The question of fact in this case has been resolved in the plaintiff's favor by the

verdict of the jury, and no reason appears for disturbing that result.

Accordingly, the motion to set aside the verdict and for a new trial is denied, without costs. The defendant will be granted a thirty days' stay of execution, and sixty days to make a case.