ELIZABETH M. NAYLOR, Respondent, v. ERIE RAILROAD COMPANY, Appellant.— Plaintiff, a passenger on defendant's train, was injured when the window next to her seat suddenly broke and fell on her. She had noticed that the window was loose and rattled; and the break came when there was a sudden lurch of the train. Defendant made no sufficient explanation. The question of fact of defendant's negligence was submitted to the jury, which found a small verdict for plaintiff. Judgment unanimously affirmed, with costs. No opinion. Present — Young, Hagarty, Carswell, Davis and Johnston, JJ. [155 Misc. 573.]

HERMAN NOAH, Respondent, v. EDITH A. ENNISSON, Appellant.— Order denying the defendant's motion for summary judgment affirmed, with ten dollars costs and disbursements. As the record stands, the plaintiff was justified in refusing to complete the contract of sale on the real property by reason of the variance of the terms of " grace " in the unrecorded extensions of the mortgages on the property and the plaintiff was to accept title subject to such mortgages. If the plaintiff, through any agent of his, had notice of the terms of such extensions before the contract was signed, that fact must be established by the defendant, who carries the burden of proof. Young, Hagarty, Carswell and Davis, JJ., concur; Lazansky, P. J., not voting.

MOSES L. PARSHELSKY, Respondent, v. LEOPOLD SPINGARN and Another, Copartners, Doing Business under the Firm Name and Style of LEOPOLD SPINGARN & Co., and Another, Appellants.— Order granting examination of the defendants in an action for conversion affirmed, with twenty-five dollars costs and disbursements; examination to proceed at the place named in the order on five days' notice. No opinion. Young, Hagarty, Carswell and Davis, JJ., concur; Lazansky, P. J., not voting.

THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of CORA KEATON, Respondent, v. GEORGE JENKINS, Appellant.— Appeal from an order of filiation made by the Children's Court, Westchester county, in which it was adjudged that appellant is the father of a child born out of wedlock and by which he was directed to pay the sum of three dollars a week for the support of the child. Order unanimously affirmed, without costs. No opinion. Present — Young, Hagarty, Carswell, Scudder and Tompkins, JJ.

ANNA RAPHAEL, Appellant, v. GOLDMAN FURNITURE COMPANY, INC., Respondent, and Others, Defendants.— Action for the foreclosure of a mortgage upon real property. Order granting motion of the respondent under section 1077-h of the Civil Practice Act, reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Section 1077-h, in so far as it purports to authorize the vacatur of a judgment of foreclosure and sale theretofore entered, is invalid. It was beyond legislative power to destroy rights vesting in the plaintiff as a consequence of the entry of the judgment herein. (*Livingston* v. *Livingston*, 173 N. Y. 377, and cases cited therein.) As was said by Ruger, Ch. J., in *Gilman* v. *Tucker* (128 N. Y. 190, 204): " We must bear in mind that a judgment has here been rendered, and the rights flowing from it have passed beyond the legislative power, either directly or indirectly, to reach or destroy. After adjudication the fruits of the judgment become rights of property. These rights became vested by the action of the court and were thereby placed beyond the reach of legislative power to affect." Young, Hagarty, Carswell and Davis, JJ., concur; Lazansky, P. J., not voting.